IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWIN ISHOO, M.D.,

        Plaintiff,

  vs.                                                               No. CIV 07-542 LH/LFG

ERIK K. SHINSEKI, Secretary of
the United States Department of
Veterans Affairs,

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL

THIS MATTER comes before the Court on Defendant's Motion to Compel [Doc. 67]. Defendant seeks an order compelling Plaintiff to fully respond to two interrogatories and requiring Plaintiff to sign an authorization for the release of his records with the New Mexico Medical Board. Defendant also seeks expenses and attorney fees incurred in bringing this Motion.

Plaintiff filed his Response [Doc. 70] on August 19, 2009, and Defendant filed a Reply [Doc. 76] on September 2, 2009.

### Claims and Defenses

In general, parties may obtain discovery regarding any nonprivileged matter that is relevant to the claims and defenses in the case. FED. R. CIV. P. 26(b)(1). The claims and defenses herein are as follows:

Plaintiff Edwin Ishoo, M.D. ("Ishoo" or "Plaintiff") alleges that on February 27, 2006, he was terminated from his employment as a head and neck surgeon at the Veterans Affairs ("VA") Hospital in Albuquerque, New Mexico, on the basis of his race and national origin. He further alleges that after he filed a written complaint of discrimination in November 2005 he received retaliatory treatment by his superiors and others at the VA Hospital, and after he filed a Complaint of Discrimination and Retaliation against the VA in May 2006, VA agents and employees gave

negative, inaccurate and biased statements about him to third parties including the University of New Mexico and the New Mexico Medical Board. Finally, Ishoo contends that the VA refused to re-hire him for a posted position in April 2007, for discriminatory reasons and in retaliation for his complaints of discrimination.

In his Answer to the Second Amended Complaint, Defendant Secretary of the United States Department of Veterans Affairs ("Defendant") denies Ishoo's allegations of discrimination and retaliation and asserts the affirmative defenses of failure to state a claim, and failure to mitigate damages. [Doc. 38].

Request for Production ("RFP") No. 6

In this RFP, Defendant asks Ishoo to execute and return the attached authorization for release of Ishoo's records from the New Mexico Medical Board. The authorization that Defendant wants Ishoo to sign reads as follows:

> I hereby authorize the New Mexico Medical Board to disclose and release complete and legible copies of all records regarding myself, Dr. Edwin Ishoo, including all documents relating to my application(s) for a New Mexico medical license and renewal thereof, all documents regarding review and discussion of me and my licensing application, renewals, terms relating thereto and all documents relating to my participation in the Monitored Treatment Program . . .

[Doc. 67, Ex. A].

Ishoo did not sign the authorization submitted to him by Defendant. Instead, he answered the RFP by stating: "See attached release which has been modified pursuant to U.S. Magistrate's ruling, Doc. 59, pp. 3-4." The release as modified by Ishoo reads as follows:

> I hereby authorize the New Mexico Medical Board to disclose and release complete and legible copies of all records regarding any conditions related to the issuance of license to Edwin Ishoo, M.D. and if there were conditions regarding licensure, any records and documents regarding whether Dr. Ishoo has satisfied those conditions.

[Doc. 67, Ex. B].

In his Motion to Compel, Defendant argues that Ishoo "did not object to the form of the authorization submitted to him by the Defendant" [Doc. 67, at 5] and he therefore waived his right to object. Defendant also contends that Ishoo's responses to the discovery requests were untimely. The Court rejects both assertions and finds that Plaintiff's failure to sign the authorization as submitted and his substitution of a more restricted form, constitutes a valid objection. The Court further finds that the objection was timely made.

Ishoo did not use the word "objection" in his response; however, he did not sign the authorization as submitted but rather substituted his own version, limiting the materials to which authorization would be given. Ishoo contends that this limitation was in keeping with a ruling by the undersigned Magistrate Judge, made during a telephonic status conference held on June 29, 2009. At that conference, Defendant told the Court that Ishoo refused to sign the release as written, and he requested that the Court direct Plaintiff to sign it.

FED. R. CIV. P. 34(b)(2)(A) requires that, for each item sought in a request for production, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 37 permits a Motion to Compel when a party served with a Request for Production "fails to respond that inspection will be permitted" or "fails to permit inspection." In his response to the RFP No. 6, Ishoo made clear that he would not sign the authorization "as requested," but rather as he modified it. He gave reasons, stating that the modification was made "pursuant to U.S. Magistrate's ruling." While it would have been preferable if Ishoo had responded with an explicit objection, his response suffices to put Defendant on notice that an objection was made.

Furthermore, Ishoo's responses were timely. They were served on Defendant on July 14, 2009. Defendant contends that Ishoo asked Defendant for an extension to July 10, 2009 to respond to the discovery and that this request was granted, but that no other extensions were sought or granted and thus the responses are untimely. [Doc. 67, at 2]. In his Response to the Motion to Compel, Ishoo contends that the objections are not untimely, "given the parties' past practices

regarding extensions for discovery responses." [Doc. 70, at 7].

Plaintiff states that the parties freely granted extensions to each other throughout the discovery process, and that defense counsel did not object when Ishoo's counsel told him, sometime "during the week of July 6, 2009" – *i.e.*, July 6-10 – that the responses to discovery requests "would be made the next week (week of July 13, 2009)" – *i.e.*, July 13-17, 2009.  Defendant notes that there is "no written confirmation of this alleged understanding" and even if there were, Defendant did not agree to permit Plaintiff to file objections.

The record is unclear as to what, if any, agreement was reached between the parties regarding an additional extension.  If Ishoo's responses were served four days late, it appears to have been because of a misunderstanding as to the actual extension granted.  Defendant argues that "there was certainly no discussion and no agreement that the extension would apply to the lodging of objections to the written discovery."  There is, however, no evidence that any agreement by Defendant to extend time to respond was conditioned on Ishoo's giving up his right to lodge objections.  The responses will be considered timely, and the objections will be considered.

However, the Court overrules Ishoo's objection to RFP No. 6 and rejects his argument that the modified authorization was proper.  Defendant asked for all documents relating to Ishoo's applications for a New Mexico medical license and renewal thereof, documents reviewing and discussing the applications, and documents relating to Ishoo's participation in the Monitored Treatment Program.  At the June 29, 2009 telephonic conference, Defendant's attorney told the Court that Defendant had asked for the records of the licensing board relating to Ishoo and stated that Ishoo refused to sign the authorization.  Defense counsel stated further that it was his understanding that Ishoo's medical license was issued under conditions.  Ishoo's counsel responded that he was given a full license, and that the information sought is not relevant to the employment action taken by Defendant against Ishoo.

At the June 29 status conference, the undersigned Magistrate Judge noted the broad scope of discovery and acknowledged the argument that Defendant wished to verify whether the license

was issued under conditions, and whether any such conditions were satisfied. The Court then ruled that the licensure information sought by Defendant is relevant and not privileged and directed Plaintiff to sign a release. The Court cited Defendant's argument but did not restrict the ruling to information about conditions on the license.

Ishoo now argues that he was justified in modifying the authorization form because any information in the records of the New Mexico Medical Board relating to him, other than information as to licensure conditions and their fulfillment or non-fulfillment, is not relevant to the claims and defenses in this case. In his Motion to Compel, Defendant states that the Court issued no explicit ruling regarding the form of the authorization. This is accurate; however, to make its ruling abundantly clear, the now Court now reiterates that the information sought by Defendant, as set forth in the authorization form originally submitted to Ishoo, is relevant and discoverable.

Defendant's original request was for all documents relative to Ishoo's applications for licensure and renewal of licensure, including information as to Ishoo's participation in the Monitored Treatment Program ("MTP"). Defendant states that he is aware that Ishoo signed a contract with the MTP but does not know why. Defendant argues that the information will reveal whether Ishoo's participation in the MTP was, as Ishoo contends, voluntary and meant to address depression and anxiety resulting from his father's death and other familial problems or, on the other hand, whether Ishoo participated as a result of a Board recommendation. Such information is relevant to impeachment.

The Court finds that Defendant's argument that it needs the Medical Board records for purposes of impeachment is sufficient to compel their disclosure. Ishoo asserts that his participation in the MTP was voluntary; Defendant is entitled to confirm whether this statement is true. In addition, information about Dr. Ishoo's licensure is relevant to his assertion that he was fully qualified for the position for which he applied in April 2007.

Furthermore, Ishoo himself refers to the Medical Board in his Complaint. He alleges that "[t]he VA, through its agents and employees, gave negative, inaccurate, and biased statements

against Dr. Ishoo to UNM and other third parties, including the New Mexico Medical Board, for the purpose of causing harm and jeopardizing Dr. Ishoo's employment and professional career." [Second Amended Complaint, Doc. 34, at ¶ 34]. Defendant is entitled to discovery of the Medical Board's records to ascertain whether they contain any information originating from the VA which could be characterized as inaccurate or biased, and to determine whether such information may have harmed Ishoo's career. The information sought may or may not be admissible at trial, but the scope of discovery is broader than the question of admissibility.

The Court confirms its oral ruling that Plaintiff must respond to Defendant's RFP No. 6 by signing the authorization in the form submitted by Defendant.

<u>Interrogatory No. 11</u>

In Interrogatory No. 11, Defendant asks Ishoo to state whether he has ever been arrested, charged with, or convicted of any crime and, if so, to give details. Ishoo objected to the interrogatory on grounds of relevance and because it is overly broad and would entail undue burden and expense. Without waiving the objection, Plaintiff responded that he "has not been convicted of a crime in the last ten years, punishable by death or imprisonment in excess of one year." He also refers to his response to Interrogatory No. 10, which references "one traffic matter" in Bernalillo Metro Court, stating that information about this matter can be obtained at the court's website.

In his Motion to Compel, Defendant argues that Ishoo waived objections to the interrogatory by failing to serve answers on or before July 10, 2009. The Court rejects this assertion, for the reasons given above in the discussion of RFP No. 6.

Defendant further argues that Ishoo waived the objection by answering the interrogatory in spite of the objection. The Court rejects this assertion, as well. FED. R. CIV. P. Rule 33(b)(3) provides that a party must answer each interrogatory fully, "to the extent it is not objected to." In this case Plaintiff gave some limited information, "without waiving objection." While some courts have disapproved of this practice – *see, e.g.*, <u>Guzman v. Irmadan, Inc.</u>, 249 F.R.D. 399, 401 (S.D. Fla. 2008) ("such practice leaves the requesting party uncertain as to whether the question has

actually been fully answered, or only a portion of it has been answered") – courts in this circuit have held that the language of Rule 33 permits "a party . . . [to] assert an objection and still respond to the interrogatory." *See, e.g.*, Schipper v. BNSF Ry. Co, No. 2:07-cv-02249-JWL-DJW, 2008 WL 2358748, at *1 (D. Kan. Jun. 6, 2008).

This Court finds the latter conclusion more persuasive; indeed, it appears that a responding party is required by the Rule to disclose whatever information he has that is not objectionable. In this case, the response given was sufficient to notify Defendant that Ishoo intended to object, to the extent the interrogatory asked for any information beyond what was revealed.

However, the Court overrules Ishoo's objection to fully responding to Interrogatory No. 11. Ishoo has not demonstrated how the request would entail undue burden or expense. As to overbreadth, Ishoo refused to answer the interrogatory beyond stating that he had "not been convicted of a crime in the last the years, punishable by death or imprisonment in excess of one year," thus limiting his response to the restrictions of FED. R. EVID. 609(a)(1). That section of Rule 609 provides that, "[f]or the purpose of attacking the character or truthfulness of a witness," evidence that the witness was convicted of a crime may be admitted at trial, if the crime was punishable by death or imprisonment in excess of one year."

Plaintiff's limiting his answer in the manner he did is unacceptable as not fully responsive, for several reasons. First, he ignores section (a)(2) of FED. R. EVID. 609, which allows evidence of convictions of crimes involving acts of dishonesty or false statements, regardless of the punishment, for the purpose of impeachment. Defendant is entitled to discover information as to all of Plaintiff's convictions, so that the question whether such convictions involved acts of dishonest or false statement may be explored. Whether such information will be admissible at trial is not the determinative factor at the discovery stage.

Even if admissibility were the proper test, Rule 609 sets limits on the admissibility of evidence of convictions when introduced for the purpose of attacking a witness's character or truthfulness, but does not restrict admissibility for other purposes. In this case, Defendant argues

that it seeks this information for possible impeachment purposes and to support its defense to Ishoo's allegations that he was fired, and not rehired, because of his national origin or race. Defendant is entitled to discover information that would support its contention that the adverse employment action taken against Ishoo was not discriminatory but rather was based on his abusive behavior toward medical staff at the VA.

Defendant contends that Ishoo was an employee of the University of New Mexico ("UNM") at the time he was asked not to return to the VA in 2006, and not an employee of the VA. Defendant further contends that, under the terms of its contract with UNM, the VA reserved the right to refuse acceptance of any UNM personnel whose personal or professional conduct jeopardized patient care or operations of the VA Medical Center. [Joint Status Report, Doc. 11, at 6]. Thus, Ishoo's "personal conduct" is relevant to the claims and defenses herein, and an arrest record is reflective of personal conduct.

In his briefing on the Motion to Compel, although not stated his Answer, Defendant further asserts the defense that there may be "after-acquired evidence" which would have disqualified Ishoo from employment with the VA, if such information had been known earlier. Information as to whether Ishoo has an arrest record on charges involving abusive behavior in other circumstances is relevant to this defense. *See*, Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1281 (10th Cir. 1999) (finding that certain after-acquired evidence is relevant to the issue whether plaintiff was qualified for the position to which he applied); Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 555 (10th Cir. 1999) (noting that the after-acquired evidence defense may permit limitations on relief based both on pre- and post-termination conduct).

Ishoo argues that Defendant cannot rely on the after-acquired evidence defense to justify his discovery requests, because this affirmative defense was not alleged in Defendant's Answer and is therefore not part of the claims and defenses herein. In his Reply, Defendant states that he was not able to assert after-acquired evidence as an affirmative defense at the time he filed his Answer to the Second Amended Complaint because he lacked the information necessary to assert such a

defense at that time, in spite of repeated attempts to get this information from Ishoo. Defendant states that "if the requested information is as suspected, Defendant has every intention of seeking leave from the Court to amend its Answer to raise such an affirmative defense." [Doc. 76, at 3-4].

The after-acquired evidence defense has been referred to as an affirmative defense. However, neither the Tenth Circuit nor the U.S. Supreme court has ever so held. McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352 (1995), is the case establishing that after-acquired evidence, although not providing a complete defense to liability, can limit the remedies available to plaintiffs in discrimination actions. In that case, the Supreme Court did not specifically refer to it as an affirmative defense, and the Supreme Court has not been called upon to do so since McKennon.

In any event, amendments to the pleadings should be freely given when justice so requires, FED. R. CIV. P. 15(a)(2), and with the proper showing, an amendment to the Answer would likely be permitted in this case. *See*, Red Deer v. Cherokee County, 183 F.R.D. 642 (N.D. Iowa 1999) (holding "after-acquired evidence" to be an affirmative defense but allowing defendant to amend complaint on eve of trial).

The Court finds that the information sought in Interrogatory No. 11 is relevant to the claims and defenses in this case. Furthermore, the request is not overly broad, and production of the information would not be unduly burdensome or expensive for Ishoo. The Court grants Defendant's Motion to Compel with respect to Interrogatory No. 11.

Interrogatory No. 12

In this Interrogatory, Defendant seeks the identities and contact information of "any entity or person providing you with counseling of any kind, including, but not limited to, marital counseling or anger management counseling." In his objection, Ishoo cited N.M. Rule of Evidence 11-504 which provides for a physician-patient and psychotherapist-patient privilege, argued that the information sought is not relevant, and noted that a plaintiff does not put his entire medical history in issue by filing a lawsuit for discrimination and retaliation.

Defendant again argues untimeliness, and the Court again rejects that assertion, for the reasons given above in the discussion of RFP No. 6.

Defendant further argues that the information is not covered by the physician- or psychotherapist-patent privilege, because Rule 11-504 prohibits the disclosure of confidential information but does not prevent the identification of physicians, psychotherapists or other persons who provided care or counseling.  Defendant contends that the data sought is relevant for discovery purposes, because Defendant has information, learned subsequent to its decision not to hire Ishoo, that he "has a history of engaging in highly disruptive behavior, resulting in the termination of his employment with two former employers . . . and requiring him to undergo some type of anger management counseling." [Doc. 67, at 5].  Defendant states that this information would have been another reason why the VA would not have re-hired Ishoo, if the information had been known at the time his application was declined.

Ishoo supports his objection by pointing out that he has not asked for damages for emotional distress and therefore has not placed his emotional or psychological condition at issue in the case. Furthermore, Plaintiff argues that the VA made no allegation that his mental health was a basis for dismissing him, nor have they alleged mental health as a reason for refusing to re-hire him.

In his Reply, Defendant contends that the VA took the adverse employment action against Ishoo because of an incident occurring on February 27, 2006 in which Ishoo "exhibited loud and abusive unprofessional behavior ordering on rage" and that the VA police were called to respond to the incident.[1]  Defendant argues that the adverse employment action against Ishoo was justified in that Ishoo "has a behavioral problem" and  "behavioral patterns which have been exhibited at a number of prior institutions and with a number of prior employers."  [Doc. 76, at 6-7].

The Court rejects Defendant's argument.  Information as to the identities of any psychotherapists Ishoo may have consulted for marital problems or other reasons, would not help

---

[1] It should be noted that Ishoo's version of this incident differs significantly, in that he alleges he was subjected to slurs based on his race or national origin by another employee and that he is the one who called in the VA police.

10

to establish that he exhibited "behavioral problems" at other places of employment. Defendant can obtain information as to Ishoo's actual behavior in the workplace without knowing the identities of his counselors or psychotherapists, if any.

In determining whether to authorize discovery, the Court must balance one party's right of discovery with another party's right to be free from intrusive or burdensome discovery. In conducting this balancing test, the Court is required to look at the requester's need for the information from this particular source, the relevance of the requested information to the litigation, the burden of producing the sought-after material, and the harm or difficulty which would be caused to the party who seeks to protect the information. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000); Burka v. U.S. Dept. of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996).

Defendant states that it is not seeking Ishoo's mental health or counseling records [Doc. 76, at 6]. There is therefore no reason Defendant needs to know the identities of Ishoo's therapists. However, information as to whether Ishoo has ever sought or received counseling for anger management is relevant to the case, under the broad definition of "relevance" for purposes of discovery. The Court directs Ishoo to answer Interrogatory No 12 to the extent it asks whether he has ever had counseling for anger management. If the answer is yes, he must state the dates on which he received such counseling.

The Court denies Defendant's request for costs, expenses and attorney fees. FED. R. CIV. P. 37(a)(5)(A).

### Order

IT IS THEREFORE ORDERED that Defendant's Motion to Compel [Doc. 67] is granted in part and denied in part. Plaintiff must provide responses and authorization, as directed above, within ten days of the date of this Order.

                                          _____
                                          Lorenzo F. Garcia
                                          Chief United States Magistrate Judge